## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMICA MUTUAL INS. CO.,

      Plaintiff,

                           Case No. 15-10442

      v.                      HON. TERRENCE G. BERG
                              HON. ANTHONY P. PATTI

TREVOR EPPLETT et al.,

      Defendants.

_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 20)

In this action under the Declaratory Judgment Act, 28 U.S.C. § 2201,

Plaintiff AMICA Mutual Insurance Company ("Plaintiff") seeks a ruling that it does

not owe Michigan no-fault benefits to and on behalf of Defendants Trevor Epplett,

Keith Regentine, Zachary Wiggins, and Lauren Gray ("Defendants") for a motor

vehicle accident that occurred in Florida on September 28, 2014.[1] (Dkt. 1, p. 3.)

After Defendants were served but failed to answer or otherwise respond to the

Complaint for Declaratory Judgment, Plaintiff sought and obtained a clerk's entry

of default for each Defendant. (Dkts. 13, 14, 16, 19.) Plaintiff then filed the present

Motion for Default Judgment on May 14, 2015. (Dkt. 20.) Defendants have not

responded to the motion, and failed to appear at a telephonic status conference held

---

[1] On January 15, 2015, Plaintiff filed a Complaint for Declaratory Judgment against Defendants in Hillsborough County, Florida. *AMICA Mutual Insurance Company v. Trevor Epplett et al.*, Case No. 15-CA-000622, (Hillsborough Cty., Fla. 2015). While the above-captioned case pertains to Plaintiff's denial of Michigan no-fault insurance benefits, the Florida case pertains to Plaintiff's denial of liability coverage.

in this matter on September 2, 2015. For the reasons set forth below, Plaintiff's motion will be **GRANTED** as to all Defendants.

## I.    FACTUAL BACKGROUND

A clerk's entry of default has been entered against Defendants in this case. (Dkts. 13, 14, 16, 19.) Defendants have not moved to set these entries aside, and are therefore deemed to have admitted all of Plaintiff's well-pleaded allegations. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) *(*citing *Visioneering Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir.1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Plaintiff is an insurance company authorized to conduct business in Michigan and with its principal place of business in Rhode Island. (Dkt. 1, ¶ 1.) Defendants are individuals alleged to be domiciled or residing in Florida (Dkt. 1, ¶ 2), and all Defendants were served in that state (Dkts. 7-10).

On or about August 1, 2014, Plaintiff issued a personal auto policy to Kristin and David Epplett of Spring Lake, Michigan that was in effect until August 1, 2015. (Dkt. 1, Ex. 1, p. 1, 20.) The policy number was 950821-20FC. (*Id.* at 1.) The Eppletts are Defendant Trevor Epplett's parents. (Dkt. 1, ¶ 4.) The policy covered four vehicles: (1) a 1998 Buick LeSabre; (2) a 1999 Mercury Sable; (3) a 1998 Oldsmobile Intrigue; and (4) a 2002 Mercury Sable. (Dkt. 1, Ex. 1, p. 20.) While

Defendant Trevor Epplett was not a named insured on his parents' policy, he is listed as a household driver of the four insured vehicles. (*Id.*)

On September 28, 2014 at approximately 9:54 am, Defendants were involved in a motor vehicle accident in Tampa, Florida. (Dkt. 20, Ex. C, p. 2.) Defendant Trevor Epplett was driving a 2000 Ford Explorer in which Defendants Keith Regentine, Zachary Wiggins, and Lauren Gray were passengers. (*Id.* at 3-5.) Defendant Epplett turned left on a red light and his vehicle was struck on its right side by an oncoming vehicle. (*Id.* at 6.)

Defendant Epplett had purchased the Explorer in Florida only two days before the accident, listing his address on the bill of sale as 7891 Shoals Drive Apt. C in Orlando, Florida. (Dkt. 20, Ex. D.) At the time of the accident, the Explorer had Florida state license plates and was registered in Florida until October 25, 2014, but Defendant Epplett was carrying a Michigan driver's license that expires on June 18, 2018. (*Id.* at 3.) On the crash report, Defendant Epplett's address is listed as "511 E Savide St" in Spring Lake, Michigan. (*Id.*) Defendants Keith Regentine, Zachary Wiggins, and Lauren Gray all provided Florida addresses on the crash report. (Dkt. 20, Ex. C, pp. 6, 8.) Except for the information regarding Defendant Epplett, the record is silent regarding where the Defendants were domiciled at the time this lawsuit was filed or where they are domiciled now.

Plaintiff is listed as Defendant Epplett's insurer, under policy 950821-20FC, on the crash report (Dkt. 20, Ex. C, p. 3) and on the Explorer's bill of sale (Dkt. 20,

3

Ex. D). On the date of the accident, however, the Explorer was not one of the vehicles insured by Plaintiff under that auto policy. (*See* Dkt. 1, Ex. 1, p. 20.)

Plaintiff alleges that Defendants have made claims to Plaintiff for Michigan no-fault benefits. (Dkt. 1, ¶ 9.) Plaintiff seeks a declaration from this Court that it "does not owe Michigan no-fault benefits to or on behalf of all Defendants for the Florida motor vehicle accident of September 28, 2014." (Dkt 20, p. 13.) When Defendants did not answer or otherwise respond to Plaintiff's Complaint for Declaratory Judgment, Plaintiff sought and obtained clerk's entries of default against each Defendant. (Dkts. 11-16, 18, 19.) On May 14, 2015, Plaintiff filed the present Motion for Default Judgment as to all Defendants. (Dkt. 20.) Defendants have failed to appear in this action or respond in any way.  They remain in default.

## II.      ANALYSIS

### A.    Default Judgment Requirements

Federal Rule of Civil Procedure 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *Hanner v. City of Dearborn Heights,* No. 07–15251, 2008 WL 2744860, *1 (E.D. Mich. July 14, 2008); see also *Hickman v. Burchett*, No. 07–743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)).

Once a default has been entered by the Clerk, all of Plaintiff's well-pleaded allegations are deemed admitted. *Cross,* 441 F.Supp.2d at 846 (citing *Visioneering,* 661 F.2d at 124; *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

When the Plaintiff's Complaint alleges damages for a sum certain, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Notice of the motion is not required where, as here, the party against whom a default judgment is sought has failed to appear in the action and is not a minor or incompetent.[2] *Id.* Moreover, a default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id.* Because Plaintiff in this case is not seeking monetary damages, a hearing is not required.

### 1. Jurisdictional Requirements

To avoid entering a default judgment that can later be successfully attacked as void, a Court should determine whether it has jurisdiction over the parties and the subject matter. Here, Plaintiff has sufficiently alleged diversity jurisdiction. (Dkt. 1, ¶¶ 1-3.) Plaintiff alleges, and Defendant do not contradict, that Plaintiff is an insurer authorized to conduct business in Michigan with its principal place of

---

[2] Defendant Epplett was born in 1993, Defendant Wiggins was born in 1992, Defendant Regentine was born in 1991, and Defendant Gray was born in 1990. (Dkt. 20, Ex. C, pp. 4, 6, 8.) The Court has no reason to conclude that any Defendant is incompetent.

business in Rhode Island, and Defendants are domiciled in Florida. (*Id.* at ¶¶ 1-2.) Plaintiff also alleges without contradiction that the amount in controversy exceeds $75,000. (*Id.* at ¶ 3.)

Without personal jurisdiction, "the court is powerless to proceed to an adjudication." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903-04 (6th Cir. 2006) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Before a default can be entered, the Court must have jurisdiction over the party against whom the judgment is sought. 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2682 (3d ed. 1998). While Plaintiff consented to the Court's jurisdiction over it by filing the action here, the nonresident Defendants have failed to appear, plead or otherwise defend. Defects in personal jurisdiction, however, are not waived by default when a party fails to appear or to respond until after the default judgment is entered. *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011)).

Accordingly, the Court must determine whether it has jurisdiction over Defendants before entering a judgment by default against parties who have not appeared in the case. *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment.") (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)); *see also Cross,* 441 F. Supp. 2d at 845; *State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *1-2 (E.D. Mich. May 31, 2011); *Mexico Bus.*

*Contacts, S.C. v. Alken-Ziegler, Inc.*, No. 12-13529, 2012 WL 5379151, at *1 (E.D. Mich. Oct. 11, 2012); *State Farm Fire & Cas. Co. v. Wallace,* No. 12-14479, 2013 WL 1843965, at *2 (E.D. Mich. Apr. 3, 2013); *Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2013 WL 3946079, at *4 (E.D. Mich. July 31, 2013); *Rohn v. Commercial Recovery Sys., Inc.*, No. 13-CV-10780, 2013 WL 6195578, at *4-5 (E.D. Mich. Nov. 26, 2013); *Gomba Music Inc. v. Avant et al.*, Case No. 14-11767, Dkt. 38, pp. 4-5 (E.D. Mich. Jan. 5, 2015). Personal jurisdiction must be analyzed and established over each defendant independently. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Personal jurisdiction is satisfied in this case. Pursuant to Mich. Comp. Laws § 600.705(1), the Court may exercise personal jurisdiction over any individual who has engaged in the "transaction of any business" within the state of Michigan. The phrase "any business" has been interpreted very broadly. *See, e.g., Viches v. MLT, Inc.*, 127 F Supp 2d 828, 830 (E.D. Mich, 2000) ("The standard for deciding whether a party has transacted any business under § 600.715[1] is extraordinarily easy to meet. 'The only real limitation placed on this [long arm] statute is the due process clause.'" [citation omitted]).

Defendants have voluntarily applied for Michigan no-fault insurance benefits under a Michigan auto policy belonging to Michigan residents. (Dkt. 1, ¶ 9.) In doing so, Defendants have attempted to take advantage of certain protections and benefits afforded under Michigan law. Accordingly, under Michigan law as well as the Due Process Clause of the Fourteenth Amendment of the United States

7

Constitution, it is reasonable for this Court to exercise personal jurisdiction over Defendants. *See Burger King Corp.,* 471 U.S. at 475 (Jurisdiction is proper where Defendant's contacts proximately result from actions by the Defendant himself that create a substantial connection with the forum State.)

## B. Entry of a Default Judgment is Warranted

Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *Sloan*, No. 11–10385, 2011 WL 2144227 at *4; 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2685 (3rd ed. 1998).

Here, Defendants were personally served with the Complaint and have failed to answer or otherwise respond. The Clerk has properly entered a default against each Defendant and, as a result, Defendants are bound on the issue of liability as to the factual allegations in the Complaint. *Cross*, 441 F. Supp. 2d at 846. In short, Plaintiff's allegations that (1) these nonresident Defendants were involved in a motor vehicle accident in Florida on September 28, 2015 in which (2) Defendant Epplett was driving an uninsured vehicle are deemed admitted.

Because the vehicle Defendant Epplett was driving was not covered under his parent's insurance policy issued by Plaintiff when he and the remaining Defendants were involved in an accident in Florida, Defendant Epplett is not entitled to Michigan no-fault benefits from Plaintiff. Under Mich. Comp. Laws § 500.3113(b), a person is not entitled to personal protection insurance benefits for accidental bodily

injury where he or she "was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." Default judgment is therefore appropriate against Defendant Epplett because it is undisputed that he was the owner of the uninsured vehicle involved in the crash.

The remaining Defendants are also not entitled to such benefits from Plaintiff because Plaintiff was not Defendant Epplett's or the vehicle's insurer on the day of the accident. When the accident occurred, Defendant Epplett was the owner and operator of the uninsured vehicle occupied by all Defendants. Pursuant to Mich. Comp. Laws § 500.3114(4), "a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from" either "the insurer of the owner or registrant of the vehicle occupied" or "the insurer of the operator of the vehicle occupied." Plaintiff asserts, and Defendants do not challenge, that it is not an insurer within either of these two categories.[3] Default judgment is therefore also appropriate against Defendants Regentine, Wiggins, and Gray.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is **GRANTED**. Plaintiff does not owe Michigan no-fault benefits to or on behalf of

---

[3] The Michigan auto policy issued to Defendant Epplett's parents supports Plaintiff's allegation that it was not Defendant Epplett's insurer at the time of the accident. Under the terms of the policy, insured parties included the named insured as well as any family member. (*See, e.g.,* Dkt. 1, Ex. 1, p. 25.) A family member includes a child of the named insured who is a resident of the named insured's household. (*Id.*) At the time of the accident, however, Defendant Epplett was not residing with his parents in their household but rather in Florida.

9

Defendants for the Florida motor vehicle accident that occurred on September 28, 2014.

**SO ORDERED**.

Dated:  September 15, 2015                s/Terrence G. Berg                
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 15, 2015, using the CM/ECF system, which will send notification to the parties.

                                          s/A. Chubb                       
                                          Case Manager